IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:10-CR-00055-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MARC ASHLEY BARNES, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's "Motion to Correct Judgment Under Federal Rule of Criminal Procedure 36," (Doc. No. 38), and "Motion Pursuant to 18 U.S.C. 3585," (Doc. No. 46). Defendant requests the Court clarify whether his sentence is to run concurrent with, or consecutive to, the state-court sentence he received for similar underlying conduct and to correct the Bureau of Prison's ("BOP") computation of his federal sentence.

On April 28, 2011, Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 17). Defendant was also charged in state court based on conduct related to his federal charge. On April 2, 2012, while Defendant's state charges were still pending, Defendant was sentenced in this Court to 120 months' imprisonment and three years of supervised release. On June 13, 2012, Defendant was sentenced on his state charges to 37-54 months' imprisonment to run concurrent with his federal sentence. (Doc. No. 39-1, at 6).

This Court's Judgment is silent as to whether Defendant's federal sentence is to be served consecutively or concurrently with his state sentence. (Doc. No. 27). Pursuant to *Setser v. United States*, 566 U.S. 231, 236-37 (2012), a federal district court has the discretion to order a defendant's

sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. But this Court and others have held that "there is no basis to conclude that the decision in *Setser* would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in *Setser* contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons." *United States v. Short*, No. 1:08-CR-446, 2014 WL 645355, at *1 (M.D.N.C. Feb. 18, 2014); *see also United States v. Love*, No. 3:18-CR-00178-MOC-DSC, Doc. No. 49 (Aug. 28, 2020). "There will often be late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence. This is where the Bureau of Prisons comes in—which ultimately has to determine how long the District Court's sentence authorizes it to continue [Defendant's] confinement. [Defendant] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus." *Setser*, 132 S. Ct. at 1473 (internal citations omitted).

As for Defendant's challenge to any specific computation of his federal sentence, the Attorney General (not the sentencing court) is responsible for computing a prisoner's credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that Attorney General, through the BOP, and not the sentencing court, calculates credit for time served). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the BOP. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. *Id.* Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," *United States v. Miller*. 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to

28 U.S.C. § 2241 in the district of confinement. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, Defendant should address his inquiries regarding the status of his sentence to the BOP. Once his BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement through a § 2241 motion.

**IT IS THEREFORE ORDERED** that Defendant's:

(1) "Motion to Correct Judgment Under Federal Rule of Criminal Procedure 36," (Doc. No. 38), is **DENIED**; and

(2) "Motion Pursuant to 18 U.S.C. 3585," (Doc. No. 46), is **DENIED**.

Signed: July 27, 2021

Kenneth D. Bell
United States District Judge